

```
 1 | BILL LIETZKE
   | GENERAL DELIVERY                              RECEIVED
 2 | 135 CATOMA STREET                             SEP 18 2017
   | MONTGOMERY, ALABAMA  36104
 3 |                                          Clerk, U.S. District Court
                                                  District of Montana
 4 |            IN THE UNITED STATES DISTRICT COURT     Missoula
                 FOR THE DISTRICT OF MONTANA
 5 |
 6 | BILL LIETZKE,                 ) CASE NO.
                                   )
 7 |        PLAINTIFF,              )
                                   )
 8 | VS.                            )
                                   )
 9 | CITY OF MONTGOMERY, ET AL,     )
   | KEVIN MURPHY,                  )
10 |                                )
   |        DEFENDANTS.             )
11 |
12 |     1. Jurisdiction founded on the existence of a federal question and amount in
13 | controversy.
14 |     2. The action arises under the Constitution of the United States, Article III,
15 | Section II, as hereinafter more fully appears.
16 |     3. The amount in controversy exceeds, exclusive of interests, and costs, the sum
17 | of $1,000,000,000.00
18 |     4. Federal district courts ordinarily follow state law in determining the bounds
19 | of thier jurisdiction over persons. Walden, 134 S. Ct. 1121 (quoting Daimler AG. v.
20 | Bauman 134 S. Ct. 746, 753 (2014). This is because a federal district court's
21 | authority to assert personal jurisdiction in most cases is linked to service of process
22 | on a defendant who is subject to the jurisdiction of a court of general jurisdiction
23 | in the state ( Montana ) where the district court is located, Id (quoting
24 | Federal Rules of Civil Procedure 4 (k) (1) (A).
25 |     5. The _etermination of whether a court (District of Montana ) has personal
26 | jurisdiction over a defendant (County of Montgomery, City of Montgomery) is normally
27 | a two step analysis. Northrup King Co. v. Compania Productora Semillas Algodoneras
28 | Selectas, S. A., 51 F. 3d 1383, 1387 (8th Cir. 1995).
```

1  First, the state's applicable long arm statute is satisfied, and second, the court's
2  exercise of jurisdiction over these Defendants must comport with due process of law.
3      6. Due process allows a court (District of     ) to exercise personal
4  jurisdiction over a non-resident defendant (County of Montgomery, City of Montgomery)
5  because doing is consistent with traditional notions of fair play and substantial
6  justice. Whether the defendants have sufficient minimum contacts or not with the
7  forum state should be immaterial. World wide Volkswagen Corp. v. Woodson, 444 U. S.
8  286, 291 (1980).
9      7. About or around May 26, 2017 at about 4:45p.m., the City of Montgomery, Et al,
10 through agent City of Montgomery police officers detained the Plaintiff without lawful
11 privilege therefor on Monroe Street at South Lawrence Street on the public streets of
12 Montgomery stating that someone called the City of Montgomery on the Plaintiff and
13 then inquiring "What's going on?" The City of Montgomery further stated that some
14 person or persons unidentified to the Plaintiff called the City of Montgomery with the
15 false complaint and false report that the Plaintiff was "chasing" someone.
16     8. Thereafter, the City of Montgomery released the Plaintiff on his own
17 recognizance.
18     9. The Plaintiff catergorically denies any allegations of any unlawful activities
19 and demands that the City of Montgomery, Et Al discloses the identities of all third
20 parties involved in the May 26, 2017 incident.
21     10. The City of Montgomery, Et Al precipitated said actions without probable cause
22 and without lawful privilege therefor, abridging the Plaintiff's right of the people
23 peaceably to assemble under the First Amendment, and abridging the Plaintiff's right
24 to plead the Fifth Amendment of the United States Constitution.
25     WHEREFORE, the Plaintiff is demanding Punitive Damages, Actual Damages, and
26 Compensatory Damages, and judgment therefor against all Defendants for Defamation of
27 the Plaintiff's character, Libel and Slander of the Plaintiff, Mental Anguish of the
28 Plaintiff, and Constitutional Rights Violations, of $2,000,000,000.00.