FILED

SEP 20 2017

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BILL LIETZKE,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF MONTGOMERY, et al.,<br><br>Defendants. | Cause No. CV 17-130-M-DLC<br><br><br><br>ORDER |

This case comes before the Court on Plaintiff Lietzke's filing of a complaint alleging that the City and the County of Montgomery, Alabama, and others have violated his constitutional rights. Like the other actions Lietzke has filed in this District, this one plainly has no business being litigated in Montana.

Lietzke alleges that he was unlawfully detained on or about May 26, 2017, because "someone called the City of Montgomery on the Plaintiff" with a "false complaint and false report that the Plaintiff was 'chasing' someone." Compl. (Doc. 1) at 2 ¶ 7.

Lietzke does not allege facts sufficient to support an inference that any defendant is subject to the general jurisdiction of Montana's courts. Nor does he identify any relationship among the events underlying the Complaint, his claims against the defendants, and the District of Montana, much less a "substantial

1

connection" among the three. *Walden v. Fiore*, __ U.S. __, 134 S. Ct. 1115, 1121 (2014). Lack of personal jurisdiction, like lack of subject-matter jurisdiction, can and should be raised and acted on by the Court when a plaintiff's allegations are wholly insufficient to connect the action, any defendant, and here, even the plaintiff with the District of filing. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980) ("As has long been settled, and as we reaffirm today, a state court may exercise personal jurisdiction over a nonresident defendant *only so long as* there exist 'minimum contacts' between the defendant and the forum State.") (emphasis added); *see also Sanders v. United States*, 760 F.2d 869, 871 (11th Cir. 1985) (per curiam); *Martin-Trigona v. Smith*, 712 F.2d 1421, 1424 (D.C. Cir. 1983) (per curiam) (both affirming dismissal of actions that failed to allege facts indicating personal jurisdiction might lie in the district of filing).

Personal jurisdiction does not lie in the District of Montana. It could lie in the Middle District of Alabama. Although Lietzke has a civil action pending in that court (on transfer from yet another federal district), it does not involve the allegations set forth in this case. Pursuant to 28 U.S.C. § 1631, this action will be transferred to the Middle District of Alabama.

Accordingly, IT IS HEREBY ORDERED that this action is TRANSFERRED to the Middle District of Alabama. Any further submissions under this case number in the District of Montana will be discarded without filing

or forwarding.

IT IS FURTHER ORDERED that, until further notice, the Clerk of Court shall assign all cases filed by Lietzke to the undersigned, without referral to a United States Magistrate Judge.

DATED this 20th day of September, 2017.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court